

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | )<br>)<br>) No. 08 CR 10 |
| v. | )<br>) Judge Elaine E. Bucklo |
| ROBERT HEINZ | )<br>) |

MAY 13 2008
**FILED**
MAY 13 2008
JUDGE ELAINE E. BUCKLO
UNITED STATES DISTRICT COURT

## PLEA DECLARATION

The defendant, ROBERT HEINZ, after extensive consultation with his attorney,

MATTHEW J. MADDEN, acknowledges and states the following:

1.      Mr. Heinz has been charged in the indictment with three counts of bank

robbery, in violation of Title 18, United States Code, Section 2113(a).

2.      He has read the charges against him contained in the indictment, and the

charges have been fully explained to him by his attorney.

3.      He fully understands the nature and elements of the crimes with which he

has been charged.

4.      He will enter a voluntary plea of guilty to Counts One, Two, and Three of

the indictment.

**Factual Basis**

5.      The defendant will plead guilty because he is in fact guilty of the charge

1

contained in the indictment.  In pleading guilty, the defendant admits the following facts and that those facts establish his guilt beyond a reasonable doubt:

With respect to Count One of the indictment: On or about December 22, 2007, defendant, by intimidation, took from the person and presence of a bank teller $1,132 belonging to and in the care, custody, control, management, and possession of the TCF Bank, 1148 Ogden Avenue, Downers Grover, Illinois ("Downers Grove TCF Bank"). Defendant further admits that, on December 22, 2007, the Downers Grove TCF Bank was insured by the Federal Deposit Insurance Corporation.

With respect to Count Two of the indictment:  On or about December 28, 2007, defendant, by intimidation, took from the person and presence of a bank teller $381 belonging to and in the care, custody, control, management, and possession of the TCF Bank, 5667 W. Touhy Avenue, Niles, Illinois ("Niles TCF Bank").  Defendant further admits that, on December 28, 2007, the Niles TCF Bank was insured by the Federal Deposit Insurance Corporation.

With respect to Count Three of the indictment:  On or about January 9, 2008, defendant, by intimidation, took from the person and presence of a bank teller $8,370 belonging to and in the care, custody, control, management, and possession of the Fifth Third Bank, 545 Sherwood Road, LaGrange Park, Illinois.  Defendant further admits that, on January 9, 2008, Fifth Third Bank was insured by the Federal Deposit Insurance Corporation.

2

Potential Penalties

6.      Mr. Heinz understands that Count One, Count Two, and Count Three each carries a maximum incarceration sentence of 20 years imprisonment and a maximum fine of $250,000.  Mr. Heinz also understands that the charge carries a term of supervised release of not more than three years.

7.      Mr. Heinz understands that in accord with federal law, 18 U.S.C. § 3013, upon entry of judgment of conviction, he will be assessed $100 on each count to which he has pled guilty, in addition to any other penalty imposed.

8.      Mr. Heinz understands that the sentencing guidelines are no longer mandatory, and that this Court's decision as to what sentence constitutes a sentence "sufficient, but not greater than necessary" to comply with the purposes set forth in 18 U.S.C. § 3553(a) may result in a sentence either within, greater, or less than the applicable sentencing guideline range.  Mr. Heinz understands that the applicable sentencing guideline range is one factor which this Court is required to take into consideration under 18 U.S.C. § 3553(a)(4), along with the other required factors under § 3553(a).

Guidelines Calculations

9. For the purposes of applying the advisory guidelines promulgated by the United States Sentencing Commission pursuant to 28 U.S.C. § 994, it is Mr. Heinz's understanding that the following provisions may apply:

3

A.    The base offense level for each count of the indictment is 20, pursuant to Guideline §2B3.1(a).

B.    Pursuant to Guideline §2B3.1(b)(1), the offense level should be increased 2 levels because the property of a financial institution was taken.

C.    Pursuant to Guideline §3D1.4(a), the combined offense level should be increased by 3 levels because the three counts do not group.

D.    Defendant has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for his criminal conduct.  If defendant continues to accept responsibility for his actions within the meaning of Guideline §3E1.1(a), a two-level reduction in the offense level is appropriate.

E.    In accord with Guideline §3E.1.1(b), defendant has timely notified the government of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the Court to allocate its resources efficiently. Therefore, as provided by Guideline §3E.1.1(b), an additional one-level reduction in the offense level is appropriate.

F.    **Criminal History Category**.  It is believed that Mr. Heinz's criminal history points equal 6 and therefore his history category is III.  This results in an anticipated advisory guideline level of 51-63 months.

G.    Mr. Heinz reserves the right to request a downward departure or variance on any grounds he deems appropriate.  He understands that any decision to depart or vary

4

from the applicable guidelines lies solely within the discretion of the Court.

Preliminary Nature of Calculations

10. Mr. Heinz and his attorney acknowledge that the above calculations are preliminary in nature and based on facts known to defendant at the time of this Plea Declaration. Mr. Heinz understands that the probation office and the government will conduct their own investigations and that the Court ultimately determines the facts and law relevant to sentencing, and that the Court's determinations govern the final Sentencing Guidelines calculations.

11. Errors in calculations or interpretation of any of the guidelines may be corrected or amended by the defendant prior to sentencing. He may correct these errors or misinterpretations by a statement to the probation office and/or court setting forth the disagreement as to the correct guidelines and their application.

Trial Rights and Appellate Rights

12. Mr. Heinz understands that by pleading guilty he surrenders certain rights, including the following:

(a) If defendant persisted in a plea of not guilty to the charges against him, he would have the right to a public and speedy trial. The trial could be either a jury trial or a trial by the judge sitting without a jury. The defendant has a right to a jury trial. However, in order that the trial be conducted by the judge sitting without a jury, the defendant, the government and the judge all must agree that the trial be conducted by the

judge without a jury.

(b)    If the trial is a jury trial, the jury would be composed of twelve laypersons selected at random. Defendant and his attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising so-called peremptory challenges. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that defendant is presumed innocent, and that it could not convict him unless, after hearing all the evidence, it was persuaded of defendant's guilt beyond a reasonable doubt.

(c)    If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all the evidence, whether or not he was persuaded of defendant's guilt beyond a reasonable doubt.

(d)    At a trial, whether by a jury or a judge, the government would be required to present its witnesses and other evidence against defendant. Defendant would be able to confront those government witnesses and his attorney would be able to cross-examine them. In turn, defendant could present witnesses and other evidence in his own behalf. He would be under no obligation to do so, however, because he is presumed to be innocent and thus need not prove his innocence. If the witnesses for defendant would not appear voluntarily, he could require their attendance through the subpoena power of the court.

6

(e)    At a trial, defendant would have a privilege against self-incrimination so that he could decline to testify, and no inference of guilt could be drawn from his refusal to testify. If defendant desired to do so, he could testify on his own behalf.

13.    Mr. Heinz understands that by pleading guilty he is waiving all the rights set forth in the prior paragraph. By pleading guilty Mr. Heinz admits he is guilty of the conduct alleged in the indictment and agrees that he should be found guilty. Mr. Heinz's attorney has explained those rights to him, and the consequences of his waiver of those rights. Mr. Heinz further understands that he is waiving all appellate issues that might have been available if he had exercised his right to trial, and only may appeal the validity of this plea of guilty or the sentence.

Limitations and Consequences of this Plea Declaration

14.    Mr. Heinz understands that the United States Attorney's Office will inform the District Court and the United States Probation Office of the nature, scope and extent of his conduct regarding the charges against him, and related matters, including all matters in aggravation and mitigation relevant to the issue of sentencing. Mr. Huey further understands that he will be able to present evidence in mitigation for sentencing.

15.    Mr. Heinz understands that at the time of sentencing, the government and the defendant will be free to make their respective recommendations to the Court as they believe are appropriate.

16.    Should this Court refuse to accept Mr. Heinz's plea of guilty, this Plea

7

Declaration shall become null and void and defendant will not be bound thereto.  It is the defendant's position that, should the Court decline to accept his plea, this Plea Declaration and the ensuing court proceedings are inadmissible in later court proceedings pursuant to Federal Rule of Evidence 410.

17.    Mr. Heinz agrees that this Plea Declaration shall be filed and become part of the record of the case.

18.    Mr. Heinz and his attorney acknowledge that no threats, promises, or representations have been made, nor agreements reached, to induce him to plead guilty. Mr. Heinz further acknowledges that he has read this Plea Declaration and carefully reviewed each provision with his attorney.

Signed this 13th day of May, 2008

_____
Robert Heinz, Defendant

FEDERAL DEFENDER PROGRAM
Terence F. MacCarthy,
Executive Director

By: _____
Matthew J. Madden
Attorney for Defendant

8

MATTHEW J MADDEN
FEDERAL DEFENDER PROGRAM
55 East Monroe Street, Suite 2800
Chicago, IL 60603
(312) 621-8351