IN THE
UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | No. 08 CR 10 |
| | ) | Hon. Elaine E. Bucklo |
| ROBERT HEINZ | ) | |

## NOTICE OF FILING

To:  Mr. Greg Deis                           Mr. Todd McKechnie
     Assistant United States Attorney        United States Probation Officer
     219 S. Dearborn Street                  55 E. Monroe, Suite 1500
     Chicago, IL  60604                      Chicago, IL  60603

Please take notice that on this 14th day of July, 2008, the undersigned filed the following document(s) in the above captioned cause, a copy of which is attached hereto:

–   DEFENDANT ROBERT HEINZ'S SENTENCING MEMORANDUM

Respectfully submitted,

FEDERAL DEFENDER PROGRAM
Terence F. MacCarthy
Executive Director


By:  s/Matthew J. Madden
     Matthew J. Madden


MATTHEW J. MADDEN
FEDERAL DEFENDER PROGRAM
55 E. Monroe, Suite 2800
Chicago, IL 60603
(312) 621-8351

**IN THE**
**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **vs.** | ) | **No. 08 CR 10** |
| | ) | **Hon. Elaine E. Bucklo** |
| **ROBERT HEINZ** | ) | |

**DEFENDANT ROBERT HEINZ'S SENTENCING MEMORANDUM**

Defendant ROBERT HEINZ, by the FEDERAL DEFENDER PROGRAM and its attorney MATTHEW J. MADDEN, respectfully requests, pursuant to 18 U.S.C. § 3553(a) and Gall v. United States, 128 S.Ct. 586 (2007), that this Honorable Court impose a sentence below his advisory guideline range. In support of this motion, Mr. Heinz states as follows:

**I.      Sentencing Request**

Mr. Heinz's advisory offense level is 22 and he is in a criminal history category IV. Therefore, his starting advisory guideline range is 63 to 78 months. Based on Mr. Heinz's history and characteristics and the circumstances surrounding his offense, we respectfully request that the Court sentence Mr. Heinz to a term of 51 months imprisonment.

**II.     Legal Standard**

The Supreme Court recently reiterated in Gall that "the Guidelines are not mandatory, and thus the range of choice dictated by the facts of the case is significantly broadened." Gall, 128 S.Ct. at 602 (citations omitted). Gall requires that in addition to considering the Guidelines, the "district judge should . . . consider all of the 3553(a) factors to determine whether they support the sentence requested by a party. In so doing, he may not presume that the Guidelines range is reasonable. He must make an individualized assessment based on the facts presented." Gall, at

1

596-97 (citations omitted); see also United States v. Miranda, 505 F.3d 785, 791 (7th Cir. 2007) ("Although the guidelines are treated as advisory after Booker, the application of section 3553(a) is mandatory.").

The Supreme Court requires judges "to 'impose a sentence sufficient, but not greater than necessary, to comply with' the basic aims of sentencing" in § 3553(a), Rita v. United States, 127 S.Ct. 2456, 2463 (2007), which include the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment; to create adequate deterrence; to protect the public from further crimes of the defendant; and to provide the defendant with needed . . . medical care, or other correctional treatment in the most effective manner," 18 U.S.C. § 3553(a)(2). Section 3553(a)(1) also gives sentencing courts "a broad command to consider 'the nature and circumstances of the offense and the history and characteristics of the defendant.'" Gall, 128 S.Ct at 596 n.6. The Court must consider "those factors that are unique to an individual defendant . . . that are not taken into account when calculating the guideline range." United States v. Schmitt, 495 F.3d 860, 865 (7th Cir. 2007).

District court judges have broad discretion to sentence below the advisory guideline range. See, e.g., United States v. Wachowiak, 496 F.3d 744, 751 (7th Cir. 2007) ("We will not substitute our judgment for that of the sentencing court. . . . As with other discretionary decisions, the district court is institutionally better situated to make individualized sentencing judgments than an appellate panel."); United States v. Ngatia, 477 F.3d 496, 501-02 (7th Cir. 2007). A court may issue a below-Guideline sentence even in the absence of extraordinary circumstances. Gall, 128 S.Ct at 595. In fact, a district court judge's "freedom to impose a reasonable sentence outside the range is unfettered," United States v. Demaree, 459 F.3d 791, 795 (7th Cir. 2007), and the Seventh Circuit will scrutinize a district court's refusal to grant a

reduction below the range, <u>United States v. Vaughn</u>, 433 F.3d 917, 924 (7th Cir. 2006). A below-Guideline sentence is appropriate as long as the reasons are "rooted in § 3553(a), sufficiently individualized to the circumstances of [the] case, and generally associated with sentencing leniency." <u>Wachowiak</u>, 496 F.3d at 745.

## III.    Characteristics of the Defendant and Circumstances of the Case.

Robert Heinz is an educated, 52 year old man whose life has been destroyed by his drug addiction. His father was a squadron commander in the United States Air Force and applied strict military discipline with his children at home. Because his father was in the military, Mr. Heinz moved around a great deal as a child, rarely staying in one place for longer than three years. He spent portions of his developmental years in Oklahoma, New York, Germany, Mississippi, and Ohio. As he was frequently starting over in new places during his teenage years, he tended to look at social drug use as a way to "fit in." He was an excellent student growing up until he began experimenting with drugs. His drug and alcohol use which began as a teenager has become increasingly problematic for him, particularly in the past five years.

In his early twenties he began heavy use of cocaine and this quickly became his drug of choice. By his late twenties, he was also smoking crack cocaine. Over the years, he has battled this addiction and sought help for his problem. After completing treatment programs he has had some success at staying clean for extended periods before relapsing. While his addiction was always a major hindrance in his personal and professional life, until his late 40's it never led to any serious legal troubles for him. By 2003, his drug use had spiraled completely out of control and he robbed a bank in Lexington, Kentucky to feed his addiction. After serving his sentence he never really got back on his feet. He continued using cocaine and crack cocaine on a regular basis during the period of the charged conduct in this case.

Mr. Heinz recognizes his problem, has sought treatment in the past, and has stayed clean and sober for periods ranging up to two years before relapsing. He even became certified in chemical dependancy counseling from the state of Washington in 1990, where he used his experience to help others deal with their addictions. When Mr. Heinz is sober he is a productive member of society. He has continued his education, worked in and managed restaurants, and managed convenient stores. More importantly, when he is sober he is not a criminal. Every time he relapsed, he lost anything that was good in his life. His addiction has cost him two marriages, every career that he has embarked on, and now his liberty for extended periods. Despite his problems he has always been a loving father to his children.

While his drug dependancy certainly offers no excuse for his actions, it does provide some explanation for how an intelligent, engaging, capable person ended up a convicted bank robber. The proceeds of the robberies went directly to financing the purchase of narcotics. The need to get high was the driving force in his actions. When Mr. Heinz was arrested in this case, he was being driven away from the January 9 robbery by two drug dealers who were demanding their money from Mr. Heinz's earlier narcotics purchases. These men were aggressively pursuing the money he owed them and Mr. Heinz told them that if they drove him to the Fifth Third Bank he would get their money. He ended up robbing the Fifth Third Bank in order to pay his debt to the men. This information is not presented in an attempt to lessen his culpability for this crime or to present some sort of duress mitigation, it is simply to demonstrate how closely linked these robberies were to his drug use. He desperately wants to get clean and Mr. Heinz asks that any sentence this Court imposes include the most stringent substance abuse treatment possible.

On May 13, 2008, Mr. Heinz appeared before this Court, accepted full responsibility for

4

his actions and entered a plea of guilty to all counts of the indictment.

**IV.    A Sentence Below the Advisory Guideline Range is Consistent with the Goals of Punishment Under §3553(a)(1), §3553(a)(2)(C), §3553(a)(2)(D), and §3553(a)(2)(A).**

In this case, a sentence below the guideline range is sufficient, but not greater than necessary, to meet the goals of punishment. The Court is required to consider circumstances of the offense and the history and characteristics of the defendant when imposing a sentence. 18 U.S.C. §3553(a)(1). When Robert Heinz's unique characteristics are taken into consideration, a sentence below the guideline range becomes appropriate. Drug addiction, unfortunately, is not an altogether unique characteristic for defendants in federal court. However, Mr. Heinz is fairly unique in that every incident in his criminal history is directly tied to his addiction growing more serious. Most defendants with drug problems have a lifetime of crime to show for it. Uniquely, Mr. Heinz did not get his first serious conviction until five years ago, at the age of 47. As his substance abuse grew worse, his addiction led him to actions that he never dreamed he would be taking part in. Obviously his addiction does not excuse his actions in any way; he made his choices in life and he can blame no one for his actions other than himself. However, this is not a man who came up with a scheme to make his living as a criminal, he has committed crimes because of an overwhelming urge to feed his addiction. He is humiliated by his actions and cannot believe that he has put himself in this position. Mr. Heinz is a person who simply does not break the law when he is not abusing substances. It seems clear that if his addiction can be successfully treated, his criminal behavior would very likely cease as well.

Two additional and somewhat related factors for the Court's consideration are the need to provide the defendant with the necessary medical care and corrective treatment in the most effective manner and the need to protect the public from future crimes of the defendant. 18

U.S.C. §3553(a)(2)(D) & §3553(a)(2)(C). The most important period of the impending sentence in guarding against any potential recidivism will not be the incarcerative period, it will be when he serving the supervised release portion and receiving treatment for his addictions. Mr. Heinz is in desperate need of substance abuse treatment and likely could benefit from mental health treatment as well. The Probation Department is far better equipped to orchestrate his treatment than the Bureau of Prisons, which is somewhat overmatched by the sheer number of inmates in need of substance and psychiatric care. While the punitive portion of his sentence cannot be completely disregarded, the sooner he is able to get on with the proper court-ordered treatment in association with the probation department, the better chance he has at maintaining his stability. This will be a benefit for him as well as for society. If Mr. Heinz responds well to treatment and is able to overcome his addictions, it is reasonable to believe that recidivism will not be a problem for him.

Additionally, Mr. Heinz's age makes it less likely that he will recidivate, "as studies show that the recidivism rate drastically declines as the age of the offender increases, particularly after the age of 50." United States v. Bower, 484 F.3d 1021, 1026 (8th Cir. 2007). Mr. Heinz is 52 years old and will be approaching his late 50's by the time he serves his sentence, even if the Court does go below the guideline range. Given his age, along with the fact that he will receive intense drug treatment during his period of supervised release, Mr. Heinz appears to be an unlikely candidate for recidivism.

Another factor to consider in relation to providing just punishment for the offense under §3553(a)(2)(A) is the conditions of his confinement. For the past nine months, he has been incarcerated at the Jerome Combs Correctional Center, which is a facility run by the Kankakee

6

County Sheriff's Department. The conditions there are substantially more trying than at the Metropolitan Correctional Center (MCC). At Kankakee, Mr. Heinz has been deprived of 1) religious services, 2) access to a law library, 3) gym services for exercise, 4) face to face visits with his loved ones, and 5) free medical care. Were he incarcerated at the MCC, Mr. Heinz would have had access to each of these. Additionally, Mr. Heinz's access to his attorney was distinctly limited because of the distance between Kankakee and Chicago.

Given Mr. Heinz's characteristics and the importance of getting him the type of treatment he needs sooner rather than later, a sentence lower than the guideline range is appropriate to meet the goals of punishment while still satisfying the needs of the public.

## VI.    Conclusion

Developments in the law now permit this Court to impose a sentence in this case that makes sense for this defendant, his offense, and society. For the foregoing reasons, we respectfully request that the Court sentence Mr. Heinz to a sentence of 51 months incarceration.

Respectfully submitted,

FEDERAL DEFENDER PROGRAM
Terence F. MacCarthy
Executive Director

By:      s/Matthew J. Madden
         Matthew J. Madden
         Staff Attorney

Matthew J. Madden
Federal Defender Program
55 East Monroe, Suite 2800
Chicago, IL 60603
(312) 621-8351

7

## CERTIFICATE OF SERVICE

The undersigned, _Matthew J. Madden_ , an attorney with the Federal Defender Program hereby certifies that in accordance with FED.R.CRIM. P. 49, FED. R. CIV. P5, LR5.5, and the General Order on Electronic Case Filing (ECF), the following document(s):

### DEFENDANT ROBERT HEINZ'S SENTENCING MEMORANDUM

was served pursuant to the district court's ECF system as to ECF filings, if any, and were sent by first-class mail/hand delivery on _July 14_, 2008, to counsel/parties that are non-ECF filers.

Mr. Todd McKechnie
U.S. Probation Office
55 E. Monroe Street, Suite 1500
Chicago, IL 60603

By:      s/Matthew J. Madden
         MATTHEW J. MADDEN
         FEDERAL DEFENDER PROGRAM
         55 E. Monroe St., Suite 2800
         Chicago, Illinois 60603
         (312) 621-8300

8

# ATTACHMENT

# Robert Heinz Letter

Dear Judge Bucklo,

My name is Robert Heinz. I come before you on July 25, 2008 for final sentencing. Your Honor, I am begging the court's mercy, requesting a lenient sentence, and I am asking for concurrency with an undischarged sentence from Kentucky. I know that sounds really arrogant, I'm sorry, but I have to attempt to make a case for your compassion, Judge, and a lenient sentence, not only for myself but for my family.

I had a great childhood with a great family. I experimented with drugs and rebellion as a teenager. After my brother was killed in 1978, my drinking and drug use escalated. I became addicted in the 1980's. To impress a girl, I smoked a "hit" of cocaine. If only I had then been aware of the terrible price... but of course it does not work that way.

My parents are elderly and I hope and pray to be able to spend time with them upon my release. I have three beautiful and intelligent sons (prejudiced? You bet!)

and the heartbreak of my life is that I have not been the father I wanted to be. I hope to have a chance to mend my relationship with my sons.

I had two marriages, both to very smart, attractive, and capable women - both were sacrificed on the altar of my addiction.

I have always dabbled with college, and currently I am a senior at the University of Kentucky. I have always worked, spending many years in food/beverage management, also part owner of a restaurant.

Your Honor, I am 52 years old, and have been suffering the searingly painful introspection regarding the events of my adult life. Judge, I did not get any "kick" out of committing these crimes, I was scared to death, driven by desperation, risking certain danger for uncertain gain.

I believe that, with help, I can live the rest of my life, drug-free - and for me that means crime-free as well. Thank you, Judge Bucklo, for your consideration. My life and future are in your hands.

Sincerely,